IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHAVONTAE SMITH**  **PLAINTIFF**

v.  **CIVIL ACTION NO.: 3:23-cv-604-KHJ-MTP**

**HYUNDAI MOTOR AMERICA,** *et al.*  **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Unopposed Motion to Stay Further Proceedings Unrelated to Summary Judgment Briefing [21] filed by Defendant Hyundai Motor America.  Having considered the applicable law, the Court finds that the Motion [21] should be DENIED.

## BACKGROUND

This action was removed to this Court on September 19, 2023.  *See* Notice of Removal [1].  Plaintiff Shavontae Smith ("Plaintiff") was injured in an automobile accident in Jackson, Mississippi.  *See* [1-1] at 2.  At the time, Plaintiff was driving a vehicle manufactured by Defendant Hyundai Motor America ("Hyundai") that she acquired as a rental car from Defendant Budget Rent A Car System, Inc. ("Budget").  *Id*.  Plaintiff claims that the "steering on the car suddenly locked up," causing her to lose control.  *Id.*  Plaintiff alleges a products liability claim against Hyundai and Budget.  *Id*. at 3-4.  She also alleges negligence against Budget and seeks damages from both Defendants.  *Id*. at 5.

Hyundai filed its Motion for Summary Judgment [19] on February 28, 2024.  In the Instant Motion [21], Hyundai moves to stay all proceedings unrelated to the summary judgment briefing.  In support, Hyundai contends that a settlement has been reached, though not yet consummated, between Plaintiff and Budget.  Hyundai suggests that once settlement is

1

consummated with Budget, the only claims that will remain are Plaintiff's claims against Hyundai. Those claims are the subject of Hyundai's Motion for Summary Judgment [19].

## ANALYSIS

The district court has the discretion to stay discovery pending resolution of a dispositive motion. *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 352 (5th Cir. 2011). Courts may temporarily stay discovery pending resolution of a motion for summary judgment where the motion "could potentially dispose of the entire case without the necessity of … discovery." *Fed. Ins. Co. v. New Hampshire Ins. Co.*, 2010 WL 1757932, at *3 (M.D. La. Apr. 30, 2010). "However, it is the normal practice of this Court to only stay discovery when a motion to remand is filed, or an immunity question or issue of personal jurisdiction exists." *Bryant v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 87777, at * 1 (N.D. Miss. Jan. 8, 2024) (quoting *King Indus. Inc. v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. of the U.S. & Canada, AFL-CIO*, 2009 WL 10676877, at *1 (S.D. Miss. Apr. 2, 2009)).

Here, it is not certain that the resolution of the pending Motion for Summary Judgment [19] will dispose of the entire case. Though Hyundai claims that its Motion for Summary Judgment [19] is determinative of all issues in this matter, the Court desires for the case to be ready for trial in the event the Motion [19] is denied. Additionally, stays of this type are the exception, not the rule, *see Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021), and this case is "not so unusual to stay discovery" pending a ruling on Hyundai's dispositive motion. *King Indus. Inc.*, 2009 WL 10676877, at *1. Accordingly, the Motion to Stay [21] will be denied.

IT IS, THEREFORE, ORDERED that the Unopposed Motion to Stay Further Proceedings Unrelated to Summary Judgment Briefing [21] is DENIED.

SO ORDERED, this the 8th day of March, 2024.

                <u>s/Michael T. Parker</u>
                United States Magistrate Judge