UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAVONTAE SMITH                                                                   PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:23-CV-604-KHJ-MTP

HYUNDAI MOTOR AMERICA, et al.                                          DEFENDANTS

ORDER

Before the Court is Defendant Hyundai Motor America's ("Hyundai") [19] Motion for Summary Judgment. The Court grants the motion.

I.   Background

This products liability case arises from a car crash that left Plaintiff Shavontae Smith with "devastating personal injuries." Compl. [1-1] ¶ 7. "Smith rented a 2020 Hyundai Elantra from Budget Rent A Car" ("Budget") in June 2020. Pl.'s Mem. [25] at 1. Seventeen days later, that car's steering wheel allegedly "locked up" and caused Smith to lose control of the vehicle. [1-1] ¶ 6. The resulting wreck caused injuries that "eventually led to a below-the-knee amputation of [Smith's] right leg." Id. ¶ 7.

On June 29, 2023, Smith filed a state-court action against Hyundai and Budget, asserting products liability and negligence claims. Id. ¶¶ 13–25. Defendants removed the case based on the Court's diversity jurisdiction. Notice of Removal [1] ¶ 6. Only the products liability claims against Hyundai remain. See Order [22] at 1–2; see also [25] at 1 n.1. Those claims include defective design,

defective manufacturing, failure to warn, and breach of express warranty under the Mississippi Products Liability Act ("MPLA"). *See* [1-1] ¶ 14.[1]

On November 20, 2023, the Magistrate Judge entered a Case Management Order setting case-related deadlines. *See* [11]. As relevant here, that Order required Smith to designate any experts by March 15, 2024. *Id.* at 4. Smith did not designate an expert or seek more time to do so.

Hyundai now moves for summary judgment. The parties agree that the subject vehicle is unavailable for inspection by any proposed expert because it cannot be located. *See* Def.'s Mem. [20] at 3; [25] at 4 (recognizing "[t]he unavailability of the vehicle in question"). The parties also agree that Hyundai issued a recall notice—Safety Recall 19V-721—in 2019. *See* Recall [19-6]. Against that backdrop, the Court considers Hyundai's motion below.

II.   Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022)

---

[1] Under Mississippi law, "'the MPLA provides the exclusive remedy' for products-liability claims." *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011)). Smith does not dispute that "all of [her] claims [against Hyundai] are subsumed and governed by the MPLA." [20] at 6; *see also* [25] (offering no argument otherwise).

(quotation omitted). "A movant is 'entitled to a judgment as a matter of law [when] the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Carnegie Techs., LLC v. Triller, Inc.*, 39 F.4th 288, 293 (5th Cir. 2022) (quotation omitted).

"If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (quotation omitted). "Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.*

The Court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). But the non-movant must present more than "speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation omitted). The non-movant's failure "to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

Because Smith bears the burden of proving her claims at trial, she also bears the burden of "demonstrating that summary judgment is not warranted." *Lim v. Ethicon, Inc.*, 519 F. Supp. 3d 380, 384 (S.D. Miss. 2021). The Court sits in diversity, so it applies the substantive law of the forum state—Mississippi. *Cap.*

*City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011).

III. Analysis

Smith raises claims under the MPLA. That statute requires a plaintiff to establish four elements: (1) a defect in the product's manufacturing, design, or warnings, or that "[t]he product breached an express warranty"; (2) "[t]he defective condition rendered the product unreasonably dangerous"; (3) "[t]he defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought"; and (4) the defective condition existed "at the time the product left the control of the manufacturer, designer or seller." Miss. Code Ann. § 11-1-63(a).

According to Hyundai, Smith's MPLA claims fail as a matter of law for five reasons. First, it claims Smith's failure to preserve the vehicle means that "there are no facts and data available for any expert to analyze and proffer an admissible opinion on defect at trial." [20] at 4. Even if such facts did exist, Hyundai argues that Smith's claims still fail under the MPLA because "expert testimony is required . . . to survive summary judgment in this technical case," and Smith "did not designate a single expert witness by the deadline." Reply [26] at 1.

Second, Hyundai contends that Smith's "reli[ance] on Safety Recall 19V-721 as 'proof' of a defect . . . is misplaced" because "the undisputed material facts show that Recall 19V-721 . . . did not apply to the subject 2020 Hyundai Elantra." [20] at 13–14. Hyundai offers the Declarations of James Walker Jr., an engineer, and Wayne Gates, the Director of Product Analysis Group at Hyundai Motor America.

4

Walker Decl. [19-5]; Gates Decl. [26-3]. Both Declarations explain that Recall 19V-721 did not apply to the subject 2020 Hyundai Elantra. [19-5] ¶ 6; [26-3] ¶ 8.

Third, Hyundai argues that, besides Smith lacking evidence, her "own testimony lends support to the fact that there was no defect in the subject vehicle." [20] at 11–12. Hyundai offers Walker's Declaration, which explains that the alleged defect "would have [caused] increasing levels of tactile feedback through the steering wheel and chassis" before the crash. [19-5] ¶ 8. Walker's Declaration also clarifies that

> [i]t is highly unlikely that a sudden failure of all three front lower control arm ball joint fasteners could have occurred 1) simultaneously or 2) without prior tactile feedback through the steering wheel and chassis. Even so, had there been a separation of one of the two front lower control arm ball joints prior to the crash, it would only have impacted the steering capacity of one of the two front tires (the side with the separated front lower control arm ball joint).

*Id.* ¶ 9. Based on Walker's explanation, Hyundai asserts that Smith's "own testimony lends support to the fact that there was no defect" because she "testified that prior to the crash, there were no issues with the subject vehicle or its steering capabilities." [20] at 11–12 (citing Smith Dep. [19-2] at 14–16).

Hyundai's fourth argument contends that no evidence supports Smith's failure to warn claim. [20] at 15. According to Hyundai, Smith confirmed this lack of evidence by responding to an interrogatory that she lacks personal knowledge of information to support a failure to warn claim. *Id.* (citing Pl.'s Interrog. Resp. [19-4] at 3–4).

Hyundai's last argument targets Smith's breach of express warranty claim. It argues that "with there being no proof that the subject vehicle was defective when it

5

left [Hyundai's] control, [Smith] cannot prove that [Hyundai] failed to satisfy any warranties, to the extent any warranty was made." [20] at 16–17. It adds that Smith "has not identified any express warranty made to her about the subject vehicle . . . let alone that she justifiably relied upon such in electing to rent and drive the subject vehicle." *Id.* To show that Smith did not rely on any express warranty, Hyundai offers these portions of Smith's deposition testimony:

> Q. Did the Budget personnel that you spoke with at the airport make any statements to you about the safety of the Elantra?
> A. No, sir.
>
> Q. Did you do online or other type of research into the Hyundai Elantra before you rented it?
> A. No.
>
> Q. For example, did you go online and look at any kind of information about how it performs in crashes or any issues of recalls or anything like that?
> A. No, not before I rented the vehicle, no.
>
> Q. Okay. So when you rented the Elantra, as I'm understanding your answer, you really had not looked into anything in terms of its safety performance?
> A. No, sir.
>
> Q. Okay. Did the Budget personnel indicate to you anything about there being a recall on the vehicle?
> A. No, sir.
>
> Q. Did you rely on any documents or—either electronic or otherwise, or materials from Hyundai as part of the rental process for the Elantra?
> A. No, sir.

*Id.* at 17–18 (quoting [19-2] at 9–11). Hyundai contends that Smith's "admission that she did not justifiably rely upon any representation from [Hyundai]—or any other representation—when she rented the subject vehicle warrants dismissal of her breach of express warranty claim." *Id.* at 18.

Smith submits a four-page response in opposition to summary judgment. *See* [25]. She disregards most of Hyundai's arguments. Indeed, she does not respond to—much less challenge—Hyundai's arguments that (1) no facts or data are available for an expert to analyze and proffer an admissible opinion on defect at trial, (2) Recall 19V-721 did not apply to the subject 2020 Hyundai Elantra, (3) her testimony supports a finding that no defect existed, (4) she has no personal knowledge of information to support a failure to warn claim, and (5) she admitted to not relying on any representation when she rented the subject vehicle. *See id.* Smith also does not challenge Walker's Declaration or offer a competing declaration. *See id.*

Instead, Smith simply contends that "the unavailability of the vehicle . . . is not fatal to [her] case" because "[t]he circumstances of the crash create an inference that a defect in the vehicle caused the crash." *Id.* at 4. She provides one paragraph of circumstances to support her argument:

> The car was less than five months old. The plaintiff was driving straight at a normal cruising speed. The vehicle and steering wheel suddenly lurched to the left, and the plaintiff couldn't correct it or even move the steering wheel. This year and model car had been subject to a recent recall due to a potential problem in the front suspension/steering assembly. There is no evidence of anything other than a defect in the steering system that could have led to the crash.

*Id.*

In rebuttal, Hyundai argues that "a res ipsa loquitur theory is not enough to survive summary judgment—expert testimony is required in order for [Smith] to survive summary judgment in this technical case, and [she] has no expert witness." [26] at 1. Hyundai adds that res ipsa loquitur does not apply here because "the

7

subject vehicle was not 'under the exclusive control of the defendant,'" and Smith "was driving over the speed limit at the time of the crash." [26] at 2–3. Given Smith's lack of circumstantial or direct evidence, Hyundai contends that Smith "has failed to meet her burden of proof" and "summary judgment is appropriate . . . as a matter of law." *Id.* at 7.

As explained below, Smith has not shown that a genuine issue of material fact exists as to any of her MPLA claims.

A. Res Ipsa Loquitur and Expert Testimony

To begin, the Court finds that "[r]es ipsa loquitur is not an appropriate doctrine in regard to a strict liability claim." *Hammond v. Coleman Co.*, 61 F. Supp. 2d 533, 539 (S.D. Miss. 1999), *aff'd*, 209 F.3d 718 (5th Cir. 2000). And even if it were, that doctrine would not apply here because the vehicle was not under the management and control of Hyundai at the time of the accident. *See Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012) (quotation omitted) (listing the elements of res ipsa loquitur to include "the instrumentality causing the damage was under the exclusive control of the defendant"). Res ipsa loquitur therefore does not apply.

As for Smith's failure to designate an expert, "it is well-established that an MPLA claim requires expert testimony." *Taylor v. Otis Elevator Co.*, No. 3:11-CV-587, 2012 WL 3059408, at *4 (S.D. Miss. July 25, 2012) (citing *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 404 (Miss. 2006)); *see also, e.g., Bedford v. Am. Honda Motor Co.*, No. 1:18-CV-175, 2020 WL 806171, at *2 (N.D. Miss. Feb. 18, 2020), *aff'd*, 831 F. App'x 721 (5th Cir. 2020) ("[I]t is axiomatic that expert testimony is required

in order to establish liability in products liability cases."); *Stroud v. Walmart, Inc.*, No. 1:18-CV-110, 2019 WL 1601379, at *3 (S.D. Miss. Apr. 15, 2019) ("[E]xpert testimony is required in product liabilities claims brought under the MLPA.").[2] The lack of an expert means Smith's "MPLA claim[s] [are] due to be dismissed." *Taylor*, 2012 WL 3059408, at *4.

Smith's claims fail for more reasons than her lack of an expert. So the Court continues its analysis to be certain.

B. Manufacturing Defect

"[T]o succeed on a claim based on a manufacturing defect, the plaintiff has the burden to plead and prove that the product deviated in a material way from the manufacturer's specifications for the product or from a properly constructed product." *Harris v. Stryker Spine*, 39 F. Supp. 3d 846, 849–50 (S.D. Miss. 2014) (citing *Shelter Ins. Co. v. Mercedes-Benz USA, LLC*, 236 F. App'x 45, 47 (5th Cir. 2007)). "A plaintiff cannot sustain this burden merely by proof of an accident or injury." *Id.* at 850.

Smith puts forth no evidence that the subject vehicle deviated in a material way from the manufacturer's specifications. And "[r]ule 56 does not impose upon the

---

[2] Although "the MPLA's plain language does not state expert testimony is required per se to prove" a defect, *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 331 (5th Cir. 2004), federal courts in this state often impose such a requirement in technical cases. *See Taggert v. FCA US LLC*, No. 1:16-CV-179, 2018 WL 493479, at *3 (N.D. Miss. Jan. 19, 2018) (collecting cases); *see also Ala. Great S. R.R. Co. v. Jobes*, 156 So. 3d 871, 883 (Miss. 2015) (reversing denial of summary judgment on negligence claim where plaintiff failed to offer expert testimony on issues "beyond the capabilities of the average lay person"). The Court concludes that expert testimony is necessary in Smith's case, given the highly technical facts underlying her MPLA claims.

district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams*, 465 F.3d at 164. Even if it did, the Court finds no evidence in the record that the subject vehicle "deviated from [Hyundai's] specifications or from otherwise identical units." *Lim v. Ethicon, Inc.*, 519 F. Supp. 3d 380, 385 (S.D. Miss. 2021). Because Smith produces no evidence to support an essential element of her manufacturing defect claim, the Court finds summary judgment appropriate and dismisses this claim with prejudice.

    C.  Design Defect

Smith's design defect claim requires her to show, among other things, "a feasible design alternative." *Williams v. Bennett*, 921 So. 2d 1269, 1275 (Miss. 2006). In other words, Smith must "establish[ ] a design defect by proving a product could have been made safer by the adoption of a reasonable alternative design." *Id.* (citation omitted). The reasonable alternative design must have been available at the time of sale, and it must be shown that the "omission of such an alternative design rendered the product not reasonably safe." *Id.* "A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers." *Moss*, 935 So. 2d at 403 (quoting Miss. Code Ann. § 11-1-63(f)(ii)).

Smith presents no evidence of an alternative design. And "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

10

(1986). The Court therefore finds summary judgment appropriate and dismisses this claim with prejudice.

    D.  Remaining Claims

The remaining claims—failure to warn and breach of express warranty—also fail. Smith's briefing does not acknowledge—much less respond to—Hyundai's arguments for these claims. Because Smith does not oppose the arguments challenging her failure to warn or breach of express warranty claims, the Court considers those claims abandoned. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims.").

Even if Smith did not abandon these claims, they still fail because no record evidence supports them. Indeed, Smith admits she has no personal knowledge to support a failure to warn claim. [19-4] at 3–4. She also admits that she did not rely on any representation when deciding to rent the subject vehicle. [19-2] at 9–11. Both claims are therefore due to be dismissed. The Court finds summary judgment appropriate and dismisses Smith's failure to warn and breach of express warranty claims with prejudice.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. The Court GRANTS Hyundai's [19] Motion for Summary Judgment and DISMISSES all claims against it with prejudice.

Further, Smith and Budget Rent A Car have announced to the Court a settlement of this case, and the Court desires that this matter be finally closed on its docket. The Court therefore DISMISSES all claims against Budget Rent A Car with prejudice. If any party fails to execute or comply with the settlement agreement, an aggrieved party or parties may reopen the case to enforce the settlement agreement. If successful, all additional attorney's fees and costs from this date shall be awarded to such aggrieved party or parties against the party failing to execute or comply with the settlement agreement. The Court specifically retains jurisdiction to enforce the settlement agreement. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 24th day of May, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE